IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cr-20154-JTF-cgc |
| ) | |
| IAN HERRON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION; ADOPTING AMENDED REPORT AND RECOMMENDATION; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant Ian Herron's Motion to Suppress, filed on January 22, 2023. (ECF No. 27.) The Motion was referred to Magistrate Judge Charmaine Claxton on January 24, 2023. (ECF No. 28.) The United States filed its Response on February 3, 2023. (ECF No. 30.) The Magistrate Judge held a hearing on the Motion on February 7, 2023, (ECF No. 31). Defendant and the United States filed supplemental memoranda. (ECF Nos. 33 & 34.) Thereafter, the Magistrate Judge entered a Report and Recommendation ("R & R") on April 11, 2023, relying on *United States v. Sanders*, 59 F.4th 232 (6th Cir. 2023), reh'g en banc granted, opinion vacated, 68 F.4th 1030 (6th Cir. 2023), and on reh'g en banc, 106 F.4th 455 (6th Cir. 2024). (ECF No. 35.) On April 25, 2023, the United States filed a Notice of Objections to R & R. (ECF No. 36.) Defendant filed a Response on May 1, 2023. (ECF No. 37.)

Subsequently, the Sixth Circuit granted en banc review of *Sanders* and issued a decision which, important to this case, affirmed the district court's denial of a motion to suppress evidence seized from a search. *See United States v. Sanders*, 106 F.4th 455, 472 (6th Cir. 2024) (en banc). Based

on this decision, the Magistrate Judge filed an Amended Report and Recommendation ("Amended R & R) on July 9, 2024.  (ECF No. 59.)  On July 23, 2024, Defendant timely filed Objections to the Amended R & R, and the United States responded on August 1, 2024. (ECF No. 60, 61.)  For the reasons provided herein, the Court **ADOPTS** in part and **REJECTS** in part, as **MOOT**, the Magistrate Judge's Report and Recommendation to the extent it relies on the vacated *Sanders* decision; **ADOPTS** the Magistrate Judge's Amended Report and Recommendation; and **GRANTS** in part and **DENIES** in part Defendant's Motion to Suppress.

## I. FINDINGS OF FACT

In the R &R, the Magistrate Judge sets forth proposed findings of fact.  These same findings of fact were restated in the Amended R & R.  (ECF No. 35, 3–7; ECF No. 59, 3–7.)  Neither party objects to the Magistrate Judge's proposed finding of facts in the Amended R & R.[1]  Because no factual objections were raised, the Court adopts and incorporates the proposed findings of facts.

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates."  *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A).  Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1)(B).  Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed.

---

[1] The Court notes that although the United States objected to the proposed findings of facts in the Magistrate Judge's R & R, (ECF No. 36, 4), the United States does not object to the same facts, as included in the Amended R & R. (ECF No. 61, 2.) Accordingly, based on the United States' Response to the Amended R & R filed on August 1, 2024, the Court **REJECTS** the United States' factual objections in the R & R as **MOOT**.

R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

"The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge." *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992). "A district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition." *Brooks v. Invista (Koch Indus.)*, 528 F.Supp.2d 785, 788 (E.D. Tenn. 2007). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. The district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.     ANALYSIS

Defendant objects to the Magistrate Judge's recommendation in the Amended R & R that the evidence obtained pursuant to the search should not be suppressed.  (ECF No. 60, 3.) It appears that Defendant's objection to the Magistrate Judge's reliance on the *en banc Sanders* decision is essentially broken down into two objections to the issuing judges' probable cause determination. The Court will now address both in turn.

*A. Probable Cause*

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  Probable cause standard is satisfied when a supporting affidavit  "shows a 'fair probability' that criminal evidence will be found in the place to be searched."  *See United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018) (quoting *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009)).  Courts are required to review the affidavit supporting a search warrant to determine "whether, under the totality of the circumstances, the low bar of probable cause has been overcome." *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021); *see also District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018).  The affidavit must clearly show "a nexus between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). "The connection between the residence and the evidence of criminal activity must be specific and concrete, not 'vague' or 'generalized.'" *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016).  When assessing a magistrate judge's probable cause determination, a reviewing court should give "great deference" to the issuing judge's decision. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the

affidavit before [her] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238.

**Objection No. 1: Evidence of Drug Activity Inside or Directly Outside Defendant's Residence**

Defendant submits that although the affidavit states that Herron would sit outside the residence in a car, there is nothing in the affidavit to indicate that drug activity occurred close to or inside the residence. (ECF No. 60, 3.)

The standard of review for determining the sufficiency of the affidavit "is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). "When confronted with hearsay information from a confidential informant, a court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information[.]" *United States v. Frazier*, 423 F. 3d 526, 532 (6th Cir. 2005) (quoting *United States v. Helton*, 314 F. 3d 812, 819 (6th Cir. 2003)); and *United States v. McCraven*, 401 F.3d 693, 698 (6th Cir. 2005). In *Sanders*, the Sixth Circuit explained,

> there is no model fact pattern for establishing a fair probability that contraband will be found at the place to be searched. Sometimes there is direct evidence, such as a credible informant's tip of criminal activity occurring in or directly outside of the location of the search. Or the search warrant affidavit might indicate that the proceeds of a crime will be found in the place to be searched.

*Sanders*, 106 F.4th at 462 (internal citations omitted).

The Defendant plays word games by making distinctions between occurrences happening "at" the residence, "directly outside" the residence, "close to" the residence or "inside" the residence. Thus, the Defendant unsuccessfully hinge's his argument on the Magistrate Judge's

5

reference to the word "at" as a means to argue that no drug activity was actually observed "inside" 3316 Bestway Drive. There is no absolute need to show that drugs were observed inside the residence. What is important is that the Magistrate Judge concluded that the affidavit contained significant support for the informant's tip that there was direct evidence of criminal activity occurring directly outside the residence "as multiple controlled buys actually occurred at 3316 Bestway Drive." (ECF No. 59, 9.) Upon *de novo* review, the Court **DENIES** Defendant's objection that the affidavit did not provide direct evidence that drug activity was occurring close to 3316 Bestway Drive. In addition, the Court agrees with the Magistrate Judge's finding that the affidavit not only provided direct evidence of probable cause, given the controlled buys, but also demonstrated a sufficient showing of the informant's credibility.

**Objection No. 2: Whether the affidavit established that Defendant lived at 3316 Bestway Dr.**

Defendant also objects to the Magistrate Judge's finding that the affidavit established that he lived at 3316 Bestway Drive. (ECF No. 60, 4.) In the Amended R & R, the Magistrate Judge explained her reasoning for applying a high bar to the probable cause determination in the initial R & R as follows:

> In the initial Report and Recommendation, the Court applied a higher bar to the Affidavit and specifically to its assertion that Defendant did in fact reside at 3316 Bestway Drive. The *Sanders en banc* court cautioned against applying too high of a bar to the probable cause determination and instead instructed courts to focus on what an affidavit contains rather than what it lacks. . . . Thus, even though the Affidavit did not provide further evidence supporting the assertion that 3316 Bestway was Defendant's residence, its statement that a credible informant identified it as such has legitimate weight in the probable cause analysis.

(ECF No. 59, 10 n.2.)

Here, the Magistrate Judge analogized the controlled buys and informant's tip of criminal activity with similar facts and circumstances in *Sanders*. (*Id*.) In doing so, the Magistrate Judge concluded that based on the informant's tip that Defendant resided at 3316 Bestway Drive

6

combined with the controlled buys that confirmed Defendant was engaging in criminal activity at 3316 Bestway Drive, the search warrant was based on probable cause and in compliance with the Fourth Amendment.  (*Id.*) Moreover, the Magistrate Judge reasoned that the credible informant's statement that Defendant lived at 3316 Bestway Drive carried "legitimate weight in the probable cause analysis."  (*Id.*)  The Court **REJECTS** Defendant's argument that the affidavit failed to establish that he lived at 3316 Bestway Drive.  Based upon the totality of the circumstances, the Magistrate Judge was correct in finding that the affidavit provided sufficient proof that Defendant resided at 3316 Bestway Drive.  More importantly, the Court **ADOPTS** the Magistrate Judge's Recommendation that the Search Warrant was based upon probable cause and the resulting search complied with the Fourth Amendment.  In this case, the low bar of probable cause has been overcome.  *Moore*, at 996.

### B.  *Post-Arrest Statements*

The Magistrate Judge recommends that Defendant's post-arrest statements be suppressed because the Government has failed to meet its burden of establishing that the statements were made knowingly, intelligently, voluntarily, and consistent with the Fifth Amendment.  (ECF No. 59, 14.)  Neither party objects to this finding. (*See* ECF Nos. 60, 1 & 61, 2.)   A district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings," *Arn*, 474 U.S. at 150.

The Court **ADOPTS** the Magistrate Judge's recommendation that the Defendant's post-arrest statements were obtained in violation of the Fifth Amendment. (ECF No. 59, 14.) Accordingly, the Court finds that Defendant's post-arrest statements should be suppressed.

## IV.  CONCLUSION

The Court hereby **ADOPTS** in part and **REJECTS** in part, as **MOOT**, the Magistrate Judge's Report and Recommendation to the extent it relies on the vacated *Sanders* decision; **ADOPTS** the Magistrate Judge's Amended Report and Recommendation; and **GRANTS** in part and **DENIES** in part Defendant's Motion to Suppress.

**IT IS SO ORDERED** this 30th day of August 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
